UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

GLADYS CASTILLO, individually and on behalf
of her minor children, KEVIN MORALES and
VANNIA MORALES,

    Plaintiff,
vs.

JAMES BRADFIELD, M.D.; RAULERSON GYN, LLC;
OKEECHOBEE HOSPITAL, INC. d/b/a RAULERSON
HOSPITAL; ALEXANDER VENNOS, M.D.; FLORIDA
UNITED RADIOLOGY, L.L.C.; and UNITED
STATES OF AMERICA,

    Defendants.
_____/

**NOTICE OF REMOVAL AND SUBSTITUTION OF PARTY**

Pursuant to 42 U.S.C. §233(c), Defendant United States of America files this Notice of Removal and Substitution of Party and states as follows:

1. **Nature of the Lawsuit**

Plaintiff Gladys Castillo, individually and on behalf of her minor children, Kevin Morales and Vannia Morales, filed an action in the Circuit Court of the 19th Judicial Circuit, in and for Okeechobee County, Florida, entitled *Castillo v. Bradfield, et al.*, Case No. 472018CA00063A. The United States attaches a copy of the state court Amended Complaint to this Notice as Exhibit 1.

Plaintiff alleges that defendants committed medical negligence when they provided medical care to her. She names eight defendants in the Amended Complaint: James Bradfield, M.D., Raulerson Gyn, LLC, Okeechobee Hospital, Inc. d/b/a Raulerson Hospital,

1

Alexander Vennos, M.D., Florida United Radiology, L.L.C., David Mateo, M.D., Pablo Gonzalez, M.D., Charlyn Coleman, CNM, ARNP, and Florida Community Health Centers, Inc. d/b/a St. Lucie Women and Children Center.

Florida Community Health Centers is a federally funded and federally qualified health center. Dr. Mateo, Dr. Gonzalez, and Nurse Coleman were employees of Florida Community Health Centers acting within the scope of their employment when they provided medical care to Plaintiff. These four named defendants are therefore employees of the United States, requiring removal of the state case to this federal district court. 42 U.S.C. §233(c) (requiring removal of medical negligence state court case against federally qualified health centers and their employees).

**2. Removal of State Court Action**

Plaintiff sues a federally qualified health center and three of its employees for medical negligence. Removal is required under the Federally Supported Health Centers Assistance Acts of 1992 and 1995 (FSHCAA), 42 U.S.C. §233(c). The FSHCAA provides an exclusive remedy to plaintiffs alleging medical negligence against a federally supported health care center or its employees. 42 U.S.C. §233(g)-(n), §233(a), §233(c). A plaintiff must bring such negligence claims against the United States of America in federal district court under the Federal Tort Claims Act, 28 U.S.C. §§1346(b)(1); 2671-2680. *Id.*

The FSHCAA explicitly requires that a medical malpractice case filed in state court against a federally qualified health center or its employees be removed to federal court. Specifically, 42 U.S.C. §233(c) states that upon certification of the scope of federal employment, "any such civil action or proceeding commenced in a State court **shall be removed** . . . to the district court of the United States of the district and division embracing

the place wherein it is pending." 42 U.S.C. § 233(c) (emphasis added). Upon certification, the proceeding is "deemed a tort action brought against the United States under the provisions of Title 28 [the Federal Tort Claims Act]…" *Id.*

In the Amended Complaint, Plaintiff correctly states that Florida Community Health Centers, Inc. is a designated "Federally Qualified Health Center (FQHC) and a Federal Tort Claims Act (FTCA) deemed facility." *See* Amended Complaint, ¶13. Plaintiff also states that David Mateo, M.D., Pablo Gonzalez, M.D., and Charlyn Coleman, CNM, ARNP are employees of Florida Community Health Centers and that they acted within the course and scope of that employment when they treated Plaintiff. *See* Amended Complaint, ¶¶10-12.

On August 24, 2018, pursuant to 42 U.S.C. §233(c) and 28 C.F.R. §15.4(a), Benjamin G. Greenberg, the United States Attorney for the Southern District of Florida, certified that Florida Community Health Centers is a federally qualified health center and that it is deemed a federal employee.  USA Greenberg also certified the scope of federal employment of David Mateo, M.D., Pablo Gonzalez, M.D., and Charlyn Coleman, CNM, ARNP. The United States attaches a copy of the Certification by United States Attorney Greenberg to this Notice as Exhibit 2.

Accordingly, removal is required.

### 3. Venue

The United States District Court for the Southern District of Florida is the judicial district embracing the place where the state court action was brought and is pending. Okeechobee County, Florida is within the Southern District of Florida.  This is the proper district court to which the case should be removed.  42 U.S.C. §233(c); 28 U.S.C. § 1442(a).

4. **Timeliness of Notice of Removal**

Pursuant to 28 U.S.C. § 1446(b), this removal is timely. On August 17, 2018, Judge Laurie E. Buchanan entered an agreed order granting leave to file the Amended Complaint in the state court action. *See* 28 U.S.C. § 1446(a)-(b) (defining the removal power as a defendant's power; setting removal deadline at 30 days from date on which case becomes removable).[1]

5. **State Court Pleadings**

Pursuant to 28 U.S.C. § 1446(a), the United States simultaneously files copies of all process, pleadings, and orders existing on file in state court.

6. **Substitution of the United States as the Federal Party Defendant**

When United States Attorney Benjamin Greenberg signed Exhibit B, certifying the scope of federal employment of Florida Community Health Centers, David Mateo, M.D., Pablo Gonzalez, M.D., and Charlyn Coleman, CNM, ARNP, the case became one against the United States under the Federal Tort Claims Act. 42 U.S.C. § 233(c) (on certification, action deemed one against the U.S. under Title 28). The United States is the proper party and is substituted in place of the federal health center and its three federal employees named in the state court Amended Complaint.

7. **Consent of other Defendants**

There is no requirement that the United States obtain the consent of other defendants to remove a case under 42 U.S.C. §233(c), 1446.

---

[1] The original Complaint in the state case did not set forth allegations or counts against the federal health center or its federal employees. There was no basis for removal at that point. The Amended Complaint naming the federal health center and its three federal employees and setting forth counts against them provided a basis for removal. The state judge granted the motion for leave to file the Amended Complaint on August 17, 2018. *See* 28 U.S.C. §1446(b)(3).

**8.     Conclusion**

For these reasons, pursuant to 42 U.S.C. § 233(c), the state court case of *Castillo v. Bradfield, et al.*, Case No. 472018CA00063A, filed in the Circuit Court of the 19th Judicial Circuit in and for Okeechobee County, Florida is removed to this Court. In addition, because §233(c) deems the proceeding as one against the United States under the provisions of the Federal Tort Claims Act, the United States is substituted as the party defendant in place of David Mateo, M.D., Pablo Gonzalez, M.D., Charlyn Coleman, CNM, ARNP, and Florida Community Health Centers, Inc. d/b/a St. Lucie Women and Children Center.

          Respectfully submitted,

          BENJAMIN G. GREENBERG
          UNITED STATES ATTORNEY

By:    */s/Marlene Rodriguez*
          Marlene Rodriguez (120057)
          Assistant U.S Attorney
          marlene.rodriguez@usdoj.gov
          99 N.E. 4th Street, Suite 300
          Miami, Florida 33132
          (305) 961-9206

**CERTIFICATE OF SERVICE**

I hereby certify that on September 14, 2018, I served this Notice of Removal and Substitution of Party via US Mail and electronic mail on all persons listed on the service list.

          */s/Marlene Rodriguez*
          Marlene Rodriguez, AUSA

## SERVICE LIST

Diana Santa Maria, Esquire
diana@santamarialaw.net
Laura D. Dolin, Esquire
laura@santamarialaw.net
Law Offices of Diana Santa Maria, P.A.
5220 S. University Drive, Suite 205-C
Ft. Lauderdale, Florida 33328
Telephone: (954) 434-1077
*Attorneys for Plaintiff*

Michael A. Pettruccelli, Esquire
mpetruccelli@equaljustice.law
Kathleen O. King, Esquire
kking@equaljustice.law
Petruccelli Law
5100 N. Federal Highway, #300B
Fort Lauderdale, FL 33308
Telephone: (954)771-4118
*Attorneys for Plaintiff*

Adam W. Rhys, III, Esq.
arhys@wickersmith.com
WPBcrtPleadings@wickersmith.com
Wicker, Smith, O'Hara, McCoy & Ford, P.A. (WPB)
515 North Flagler Drive, Suite 1600
West Palm Beach, FL 33401
Phone: (561)689-3800
*Attorneys for Dr. Bradfield and Raulerson Gyn, LLC*

Marlene.Rodriguez@usdoj.gov
Marlene Rodriguez
Assistant U.S. Attorney
U.S. Attorney's Office
99 NE 4th Street
Miami, FL 33132-2131
Telephone: (305)961-9206
*Attorney for federal defendants (Florida Community Health, Dr. Mateo, Dr. Gonzalez, Nurse Coleman)*

Andrew A. Rief, Esq.
AAR@Bclmr.com
Billing, Cochran, Lyles, Mauro & Ramsey, PA – WPB
1601 Forum Place, Suite 400
West Palm Beach, FL 33401

Phone: (561)659-5970
*Counsel for Okeechobee Hospital d/b/a Raulerson Hospital*

Jay P. Chimpoulis, Esq.
jchimpoulis@chl-law.com
bpearse@chl-law.com
Chimpoulis, Hunter & Lynn, PA
150 South Pine Island Road, Suite 150
Plantation, FL 33324
Phone: (954)463-0033
*Counsel for Alexander Vennos, M.D. &*
*Florida United Radiology, LLC*